ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION, | ) | CASE NO. 5:04CV1788 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| THE GOODYEAR TIRE & RUBBER | ) | [RESOLVING ECF 19, 72, 73 & 84] |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This action is before the Court upon the following motions:

(1) Plaintiff Lockheed Martin Corporation's ("Lockheed") Motion for Partial Summary Judgment (ECF 19); Defendant The Goodyear Tire & Rubber Company's ("Goodyear") Memorandum in Opposition to Lockheed's Motion for Partial Summary Judgment (ECF 62); and Lockheed's Reply Memorandum (ECF 66).

(2) Defendant Goodyear's Motion for Partial Summary Judgement (ECF 67).

(3) Lockheed' Motion Under Rule 56(f) of the Federal Rules of Civil Procedure for a Continuance of Goodyear's Motion for Partial Summary Judgment (ECF 72); Goodyear's timely Memorandum in Opposition to Lockheed's Rule 56(f) Motion (ECF 77), and Lockheed's Reply Memorandum (ECF 78).

(4) Lockheed's Evidentiary Objections and Motion to Strike Portions of the Affidavit of Robert C. Mitchell, the Supplemental Affidavit of Robert C. Mitchell, and the Second Affidavit of Anthony Miller (ECF 73), and Goodyear's timely Memorandum in Opposition to Lockheed's Evidentiary Objections and Motion to Strike (ECF 76).

(5) Goodyear's Motion for Leave to File the Third Affidavit of Anthony Miller and Its Surreply Memorandum in Opposition to Lockheed's Motion for Partial Summary Judgment (ECF 84); Lockheed Memorandum of Law in Opposition to Goodyear's Motion for Leave to File additional documents (ECF 85); and Goodyear' Reply Memorandum.  (ECF 86).

The Court has reviewed the motions, memoranda in support and in opposition, the record evidence, and the applicable law.  For the reasons set forth herein, the Court rules that Goodyear is bound on principles of res judicata and collateral estoppel by Judge Leo Spellacy's determination that Goodyear must defend and indemnify Lockheed for intentional tort claims brought by employees of Goodyear Aerospace Corporation ("GAC") who were retired on or before a certain date in 198.  Thus, Lockheed's Motion for Partial Summary Judgment will be granted.  Goodyear's Motion for Leave to File additional documents will be granted as to the third affidavit of Anthony Miller, and denied as to Goodyear's Surreply Memorandum in Opposition to Lockheed's Motion for Partial Summary Judgment.  Because the parties have had sufficient time to conduct discovery in this matter, Lockheed's Motion Under Rule 56(f) to Continue Consideration of Goodyear's Motion for Partial Summary Judgment will be denied as moot.  Lockheed's Motion to Strike will be denied.  Upon completion of briefing, the Court will resolve Goodyear's Motion for Partial Summary Judgment in a separate Order.

## THE PROCEDURAL HISTORY

Lockheed initiated this action against Goodyear on September 3, 2004.  (ECF 1).  After requesting an extension of time in which to plead, on October 4, 2004, Goodyear filed its Answer, a counterclaim, and a motion to dismiss one count of Lockheed's six-count Complaint. (ECF 9, 11 & 12).  Subsequently, Lockheed filed an Amended Complaint, setting forth seven claims for relief.[1]  The claims pertinent to this Order include Lockheed's breach of contract claim (count one) and claim for declaratory relief (count seven).  Goodyear filed an Amended

---

[1]Lockheed's seven claims include breach of contract (count one), failure to disclose (count two), breach of the implied covenant of good faith and fair dealing (count three), equitable indemnity (count four), subrogation (count five), breach of fiduciary duty (count six), and declaratory relief (count seven).  (ECF 56).

Answer and an Amended Counterclaim against Lockheed, setting forth four claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) declaratory relief.

On October 22, 2004, Lockheed filed a motion for partial summary judgment that Goodyear has a contractual obligation to indemnify Lockheed for personal injury claims asserted by persons who retired from GAC on or before a certain date in 1987. (ECF 19). In support of its motion for partial summary judgment, Lockheed submitted various documents – including the affidavit of Charles H. Haake, Esq. (ECF 19, Exhibits A to I). Lockheed also filed a motion for this Court to take judicial notice of certain state court records. (ECF 30).

On November 24, 2004, Goodyear filed a motion for an extension of time to respond to Lockheed's motion for partial summary judgment or, in the alternative, that Lockheed's motion be denied. (ECF 25). In support of its motion and memorandum, Goodyear filed the affidavits of Robert C. Mitchell, Esq. and Anthony Miller, Esq. (ECF 25, Exhibits 1 & 2). Through the end of 2004, Lockheed and Goodyear both filed motions to strike various portions of the Haake and Mitchell Affidavits. (ECF 24 & 29).

On January 4, 2005, a Case Management Conference was held in this matter. (ECF 40). At the Case Management Conference, this Court stayed the proceedings pending settlement efforts, but instructed the parties that they might informally exchange information relevant to claim evaluation. Less than three weeks after the Case Management Conference, the parties filed correspondence related to discovery disputes that were already developing. (ECF 42, 43 & 45). Ultimately, this case was assigned to the complex track, and the Court instructed Lockheed to submit certain documents for in camera review. (ECF 47 to 49). Additional telephonic

conferences were held in the Spring of 2004, and this Court entered a Protective Order on May 9, 2005 to facilitate discovery.  (ECF 50 to 53).  Meanwhile, the parties submitted additional correspondence to the Court regarding continuing discovery disputes.  (ECF 54).

On May 25, 2005, this Court entered an Order resolving the parties' motions to strike, Lockheed's motions for judicial notice and to file an amended complaint, and Goodyear's motions to dismiss and for extension of time to respond to Lockheed's motion for summary judgment.  (ECF 55).  The Court also lifted the stay, and instructed that Lockheed's dispositive motion would be decided based solely upon the "motion, opposition, and reply."  (Id.)  Goodyear then filed a timely memorandum of law in opposition to Lockheed's motion for partial summary judgment supported, by the Affidavits of Anthony Miller, Esq. and Robert C. Mitchell, Esq. as well as documentary evidence.  (ECF 62).  On July 13, 2005, Lockheed filed its reply memorandum.  (ECF 66).

On December 23, 2005, Goodyear filed a motion for leave to file a third affidavit of Anthony Miller, Esq. and a surreply memorandum in opposition to Lockheed's motion for partial summary judgment.  (ECF 84).  Lockheed filed a memorandum of law in opposition to Goodyear's motion to file additional documents, (ECF 85), and Goodyear filed a reply.[2]  (ECF 86).  The parties have ceased sending correspondence to this Court regarding discovery disputes, and the record indicates that discovery has continued in this matter.  (ECF 79 to 83).

---

[2]Under the plain language of Rule 56(c) of the Federal Rules of Civil Procedure, Goodyear's filing of the Anthony Miller Affidavit was timely; thus, motion for leave to file such affidavit will be granted.  Goodyear's surreply is not permitted under the Local Rules, and leave is not granted for Goodyear to file its surreply.

**LOCKHEED'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

A.  **The Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

Fed.R.Civ.P. 56(c).  In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists.  Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); White v. Turfway Park Racing Ass'n, Inc., 909 F.2d 941, 943-44 (6th Cir. 1990).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." Id. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing Frito-Lay, Inc. v. Willoughby, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).  The non-moving party is under an affirmative duty to point out specific facts in the record that create a genuine issue of material fact.  Fulson v. City of Columbus, 801 F.

5

Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. Id.

**B.     The Facts**

The facts relevant to Lockheed's motion for partial summary judgment, viewed in the light most favorable to Goodyear, are as follows. In 1987, Goodyear, its wholly-owned subsidiary GAC, and Loral Corporation ("Loral") negotiated a transaction whereby Loral would purchase "substantially all of the properties, assets, business and good will of GAC" and Loral would assume "substantially all of the liability and obligations of GAC . . . ." (ECF 61, Exhibit A, at 1). The transaction between Goodyear, GAC and Loral was finally memorialized in the "Amended and Restated Agreement for Purchase and Sale of Assets" among GAC, Goodyear and Loral (the "Agreement"). (Id.) Among the assets acquired by Loral pursuant to the Agreement was a GAC facility located in Summit County, Ohio (the "Facility"), where GAC had manufactured asbestos-containing floor tile and aircraft braking components until the mid 1970's. (ECF 59, at ¶¶ 1 & 3).

In March of 1989, "Loral sold part of its division (comprised of the former GAC assets and operation) to an entity known as Aircraft Braking Systems Corporation ('ABS')." (ECF 59, at ¶26). In 1996, Lockheed acquired Loral, which was merged into Lockheed in 1997. (ECF 56, at ¶2 & ECF 59, at ¶2). Lockheed is the successor in interest of Loral.[3] (Id.)

---

[3]The parties agree that Loral and Lockheed may be referred to interchangeably in this action.

Goodyear, Lockheed, ABS and Loral have been named as co-defendants in asbestos litigation pending in several jurisdictions.[4] One such asbestos case was filed in the Cuyahoga County Court of Common Pleas on October 31, 1995, by Fern Germano, as executrix of the estate of her husband, Floyd Germano (the "*Germano* Litigation").  (ECF 30, at Exhibit A).  In the eighth count of her nine-count complaint,[5] Ms. Germano alleged that Goodyear, through its wholly-owned subsidiary GAC, committed an intentional tort against Mr. Germano by exposing him to asbestos and asbestos-containing product during the course of his employment with GAC. (Id. at ¶¶48 to 54).  Ms. Germano further alleged that Loral and ABS were liable as "successors in interest and liable for the actions and conduct of [GAC]."  (Id. at ¶47).

On November 12, 1995, Loral tendered defense of the *Germano* Litigation to Goodyear through a letter from Walter E. Vashak, Vice President and Counsel of Loral, to William E. Barr, Goodyear's counsel.  (ECF 19, Exhibit D).  In correspondence dated December 4, 1995 to Doug Matthews at Vorys, Sater, Seymour & Pease ("Vorys Sater"), Mr. William E. Barr, Esq. wrote that Goodyear had accepted Loral's tender of the *Germano* Litigation:  "The [*Germano*] Plaintiff was a former employee of Goodyear Aerospace, a wholly-owned subsidiary of Goodyear, who retired in 1983 . . . Loral and Aircraft Braking Systems have tendered their defense to Goodyear

---

[4]"In or about March of 1989, the National Institute of Occupational Safety and Health ('NIOSH'), a federal agency connected with the Occupational Safety and Health Administration, began surveying retired [GAC] employees for asbestos related diseases."  (ECF 56, at ¶27 & ECF 59, at ¶27).

[5]Ms. Germano asserted her remaining eight claims for negligence, strict liability, breach of express and implied warranties, loss of consortium, statutory products liability, punitive damages, and wrongful death against all 45 named defendants – including Loral, Goodyear and ABS.  (ECF 30, Exhibit A).

7

and this company has accepted.  So you will be representing all three companies." (ECF 19, Exhibit E).

Seven years after the *Germano* Litigation was filed, Judge Leo Spellacy set a trial date of November 18, 2002, with motions for summary judgment due on August 1, 2002.  (ECF 56, at ¶36 & ECF 59, at ¶36).  On or about August 1, 2002, through correspondence to Mary P. Morningstar, Esq., Goodyear informed Lockheed that it no longer would be providing a defense in the matter for Loral.  (ECF 19, Exhibit F).  In the August 1, 2002 letter, Robert C. Mitchell of Goodyear wrote that Goodyear "has instructed Vorys Sater to withdraw its appearance [for Loral and ABS] no later than August 15, 2002."  (Id.)

Vorys Sater did not withdraw from the case until October 11, 2002, at a pre-trial conference.  (ECF 62, at 10).  In the interim, on August 22, 2002, Vorys Sater filed separate summary judgment motions on behalf of Goodyear and Loral.  (Id.)  Judge Spellacy continued the trial until January 13, 2003, and granted Loral two weeks to file any additional summary judgment motions it wished.  On October 25, 2002, Loral filed its summary judgment motion, arguing, *inter alia*, that Loral was not a successor in interest to GAC and that Goodyear had indemnified Loral for any liability arising from Mr. Germano's alleged asbestos-related illness and subsequent death.  (ECF 30, at Exhibit B).  With its motion for summary judgment, Lockheed provided the *Germano* court with a copy of the Agreement.  Goodyear did not file a brief in opposition to Loral's motion, and on October 27, 2002, during a hearing in the *Germano* Litigation concerning discovery issues, Ms. Germano's counsel announced that Goodyear and Ms. Germano had come to terms on a settlement.  (ECF 62, at 10).

8

On December 5, 2002, Judge Spellacy entered an Order in the *Germano* Litigation granting Loral's motion for summary judgment on the issue of successor liability (the "*Germano* Order").  In the *Germano* Order, Judge Spellacy cited section 2.2 of the Agreement, quoted portions of section 6.19.1(c) of the Agreement, and wrote:

> . . . . Mr. Germano retired from GAC in 1983 and was not an employee of GAC at the time of the 1987 Agreement.  In <u>Nationwide Mutual Fire Insurance Company v. Guamm Brothers Farm</u>, the term employee is defined as "one who works for an employer; a person working for salary or wages. . . .  (1995) 73 Ohio St. 3d 107, 108.  Black's Law Dictionary (7 Ed. 1999) 543 defines an employee as "a person who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance."  Goodyear Tire and Robber retained all liabilities for retired GAC employees.  When the Agreement was executed, Mr. Germano was not a GAC employee.  Therefore, under the Agreement, Goodyear agreed to indemnify Loral and Loral did not assume liability for the claims at issue.  Loral is not liable as a successor-in-interest.  Under the Agreement, Goodyear agreed to indemnify Loral and Loral did not assume the liability for the claims asserted by [Germano]."

(ECF 30, Exhibit D).   Goodyear filed a timely notice of appeal of the *Germano* Order, writing that "the trial court erred in interpreting indemnification provisions of a purchase agreement between co-defendants."  (ECF 30, Exhibit E, at ¶B(8)).  In a decision announced April 2, 2003, the Eighth District Court of Appeals of Ohio dismissed the appeal at Goodyear's expense because Goodyear failed to file the record in its appeal.  (ECF 30, Exhibit F).

Since Goodyear withdrew its defense of Loral in the *Germano* Litigation, Goodyear has refused to accept Lockheed's tendered defense of numerous personal injury claims filed on behalf of former employees of the Facility against GAC, Lockheed, and other defendants, seeking compensation for alleged asbestos-related illnesses. (ECF 56, at ¶1 & ECF 59, at ¶1).

9

**C.**     **The Law of Res Judicata**

The doctrine of res judicata "consists of two related concepts – claim preclusion and issue preclusion ."[6] Grava v. Parkman Twp., 653 N.E.2d 226, 228 (Ohio 1995).   Under Ohio law, issue preclusion (or collateral estoppel), "holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." Norwood v. McDonald, 52 N.E.2d 67, Syllabus, at ¶3 (Ohio 1943).[7]

Collateral estoppel "protects [litigants] from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979); e.g., Parkland Hosiery v. Shore, 439 U.S. 322, 326 (1979).  A party precluded under the doctrine of collateral estoppel "from relitigating an issue with an opposing party likewise is precluded from doing so with another person unless he lacked full and fair opportunity to litigate that issue in the first action, or unless other circumstances justify according him an opportunity to relitigate that issue." Hicks v. De La Cruz, 369 N.E.2d 776, 778 (Ohio 1977).

In the context of an indemnification action, collateral estoppel will bind a party to "the facts adjudicated in the earlier action giving rise to the indemnification claim, where [the party]

---

[6]Claim preclusion, which is not at issue in this case, "bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action" that resulted in a "valid, final judgment rendered upon the merits." Grava v. Parkman Twp., 653 N.E.2d 226, 228 (Ohio 1995).

[7]The Agreement provides that Ohio law shall govern, and the *Germano* Litigation was before an Ohio court. (ECF 60, Exhibit A, at ¶9.8).  Thus, the Court applies Ohio law in this matter.

10

was given notice and an opportunity to defend." St. Paul Ins. Co. v. Jose Munoz, M.D., 1985 Ohio App. LEXIS 5501, *11-*12 (Ohio Ct. App. Jan. 4, 1985) (applying collateral estoppel and rejecting defendant's arguments that "he had no incentive or seasonable opportunity" to litigate prior action, and that "it could not be foreseen that the findings" in the underlying action would be used against him); Ohio Casualty Ins. Co. v. Hamel, 445 N.E.2d 251, 253 (Ohio Ct. App. 1981) (holding that collateral estoppel applies to "co-defendants in a former proceeding if they represented adverse interests in a former proceeding as to an issue and such issue was in fact litigated"); e.g., Wright v. Schick, 16 N.E.2d 321, Syllabus ¶2 (Ohio 1938).

"Collateral estoppel applies when a fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted" was a party to the prior action. Thompson v. Wing, 637 N.E.2d 917, 923 (Ohio 1994); see also Buckeye Union Ins. Co. v. New Eng. Ins. Co., 720 N.E.2d 495, 501 (Ohio 1999) ("Due process requires a party asserting collateral estoppel to prove that the identical issue was (1) actually litigated, (2) directly determined, and (3) essential to the judgment handed down in the prior action."). (See also ECF 19, at 7 & ECF 62, at 11-12). Whether collateral estoppel should be applied is a question of law and may be resolved in the context of a motion for summary judgment. E.g. Knox County Educ. Ass'n v. Knox County Bd. of Educ., 158 F.3d 361, 371 (6th Cir. 1998) ("The application of res judicata and collateral estoppel are . . . questions of law.").

**D.     Analysis**

Lockheed contends that its motion for partial summary judgment "presents [a] straightforward application of collateral estoppel" that should be resolved as a matter of law based on the undisputed facts in the record.  (ECF 19, at 1).  Goodyear counters that "collateral estoppel does not apply to bar Goodyear from litigating the indemnity terms of the [Agreement,] because the issue was never 'essential' to any claim or defense of Goodyear, nor was it 'actually litigated' by Goodyear in the prior proceeding."  (ECF 62, at 9).  Lockheed is correct.

Taking the three requirements of collateral estoppel in order, it is clear that the doctrine is applicable in this case.  First, the issue of indemnification under the Agreement for asbestos-related personal injury claims brought by retirees of GAC was "actually and directly litigated" in the *Germano* Litigation.  See Thompson, 637 N.E.2d at 923.  A review of Loral's motion for summary judgment in the *Germano* Litigation makes clear that Loral asserted the very same contract interpretation arguments regarding the meaning of Sections 2.2 and 6.19.1(c) to Judge Spellacy that it has presented to this Court.  (Compare ECF 30, at Exhibit B, with ECF 19, at 12-15).  Further, Loral submitted a copy of the Agreement to Judge Spellacy.  Thus, there can be no doubt that the "actually and directly" litigated requirement for collateral estoppel is satisfied in this case.

Second, Judge Spellacy "passed upon" and directly determined the issue presented to him by Loral, holding that under the Agreement, "Goodyear agreed to indemnify Loral and Loral did not assume liability for the claims at issue.  Loral is not liable as a successor-in-interest.  Under the Agreement, Goodyear agreed to indemnify Loral and Loral did not assume the liability for the claims asserted by [Germano]."  (ECF 30, Exhibit D).  Further, Judge Spellacy's ruling in

this regard was "essential" to his determination that Loral was not liable to Mr. Germano. Finally, Goodyear has not argued that the Cuyahoga County Court of Common Pleas is not a court of "competent jurisdiction." Thus, the second requirement for application of collateral estoppel – that the issue be directly determined by a court of competent jurisdiction and essential to that court's decision – also is met in this case.

The third requirement for application of collateral estoppel is that "the party against whom collateral estoppel is asserted" was a party to the prior action. Thompson, 637 N.E.2d at 923. Again, this requirement is clearly satisfied. Goodyear was named in the *Germano* Complaint as a co-defendant with Loral. It is irrelevant that Goodyear was not directly adverse to Loral – all that is required is that Goodyear and Loral "represented adverse interests" in the *Germano* Litigation. See Hamel, 445 N.E.2d at 253. It is also not relevant that a settlement "in principal" of the *Germano* plaintiff's claims against Goodyear was achieved and announced on October 27, 2005. Collateral estoppel should apply so long as Goodyear had a "fair opportunity" to present its position to Judge Spellacy. Hicks, 369 N.E.2d at 778; St. Paul Ins. Co., 1985 Ohio App. LEXIS 5501, *11-*12 (rejecting defendant's argument that collateral estoppel should not apply because defendant had settled the prior action before judgment issued in prior action). Goodyear had a fair opportunity to present its position to Judge Spellacy, and it chose not to do so. Thus, the final requirement for application of collateral estoppel is satisfied in this case.

Despite the foregoing, Goodyear argues that this Court should permit Goodyear to re-litigate the issue of how the Agreement allocates indemnification and liability for asbestos-related personal injury claims brought by retirees of GAC because it was not "foreseeable" that an adverse decision by the *Germano* court "would be, or could have been, established for use in

13

subsequent litigation." (ECF 62, at 11). Goodyear's argument is not well taken, and the law it relies upon is inapplicable.[8] The elements for invocation of collateral estoppel were clearly present in the *Germano* Litigation and, in correspondence to Goodyear dated October 15, 2002, Lockheed explicitly informed Goodyear that "Lockheed Martin will proceed to defend its interests in [the *Germano* Litigation] and will seek recovery from Goodyear for all costs and damages incurred." (ECF 66, Affidavit of Morningstar, Exhibit A). After Judge Spellacy issued his judgment in favor, Goodyear filed a notice of appeal. Under these circumstances, Goodyear's argument that it did not have the opportunity or motivation to litigate the indemnification issue in *Germano* fails as a matter of law.

The doctrine of collateral estoppel applies in this action, and entitles Lockheed to partial summary judgment. Goodyear is bound by Judge Spellacy's decision in the *Germano* Litigation that "Goodyear agreed to indemnify Loral and Loral did not assume liability" for personal injury claims asserted by persons, such as Mr. Germano, who were "not an employee of GAC at the time of the 1987 Agreement."

## REMAINING MOTIONS

On July 19, 2005, Goodyear filed its own motion for partial summary judgment seeking a declaration of certain rights under the Agreement, as well as judgment as a matter of law with regard to Lockheed's third, fourth and fifth claims for relief for breach of the implied covenant of good faith and fair dealing, equitable indemnity and subrogation respectively. (ECF 67). In

---

[8]Goodyear cited many cases decided by courts outside of Ohio and the Sixth Circuit Court of Appeals. Further, Goodyear's cases primarily involve application of non-mutual collateral estoppel. Non-mutual collateral estoppel is not at issue here because collateral estoppel could have been applied against Lockheed had Judge Spellacy ruled against Loral and construed the Agreement favorably to Goodyear.

support of its motion for summary judgment, Goodyear filed additional Affidavits of Messrs. Miller and Mitchell and voluminous documentary evidence.  (ECF 68 to 71).  Lockheed filed a motion to strike portions of the newly filed Affidavits, and a Motion to Continue Goodyear's Motion for Partial Summary Judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  (ECF 72 & 73).

Since Lockheed filed its Motion to Continue Goodyear's Motion for Partial Summary Judgment, the parties have had ample opportunity to obtain discovery, and the docket indicates that the parties have availed themselves of that opportunity.  (See ECF 79-83).  Thus, Lockheed's Motion to Continue Goodyear's Motion for Partial Summary Judgment (ECF 72) will be denied as moot, and the parties will be given the opportunity to complete briefing with regard to Goodyear's motion.  Upon completion of briefing, this Court will resolve Goodyear's Motion for Partial Summary Judgment in a separate Order.

The parties are advised that the Court will decide Goodyear's Motion for Partial Summary Judgment solely on the motion, opposition, and reply if any.  The parties are further advised that it will consider no additional briefing with regard to the issue, raised in Part II.B. of Goodyear's Motion for Partial Summary Judgment, seeking a declaration that Goodyear did not agree to indemnify Loral for personal injury claims asserted by persons such as Mr. Germano who, due to retirement, were not employees of GAC at the time of the 1987 Agreement. (See ECF 67, at 3-8).  By this Order, the Court has resolved that issue in Lockheed's favor.

Finally, in resolving Goodyear's Motion for Partial Summary Judgment, this Court will exclude from its consideration those portions of the Affidavit of Robert C. Mitchell, the Supplemental Affidavit of Robert C. Mitchell, and the Second Affidavit of Anthony Miller that

are hearsay, not based on personal knowledge, irrelevant, or otherwise inadmissible.  Fed. R. Civ. P. 56(e);  Theunissen v. Matthews, 935 F.2d 1454, 1458-59 (6th Cir. 1991).  However, this Court will not strike such portions of the affidavits from the record because no viable means exists for such action.[9]

## CONCLUSION

Based upon the foregoing, the Court orders that:

(1) Lockheed's Motion for Partial Summary Judgment (ECF 19) is GRANTED. Goodyear is bound by Judge Spellacy's decision in the *Germano* Litigation that "Goodyear agreed to indemnify Loral and Loral did not assume liability" for personal injury claims asserted by persons such as Mr. Germano who were "not an employee of GAC at the time of the 1987 Agreement."

(2) Goodyear's Motion for Leave to File the Third Affidavit of Anthony Miller and Its Surreply Memorandum in Opposition to Lockheed's Motion for Partial Summary Judgment (ECF 84) is GRANTED IN PART AND DENIED IN PART. Goodyear is GRANTED leave to file the Third Affidavit of Anthony Miller, and is DENIED leave to file its Surreply.

(3) Lockheed's Motion to Strike Portions of the Affidavit of Robert C. Mitchell, the Supplemental Affidavit of Robert C. Mitchell, and the Second Affidavit of Anthony Miller (ECF 73) is DENIED.

(4) Lockheed' Motion Under Rule 56(f) of the Federal Rules of Civil Procedure for a Continuance of Goodyear's Motion for Partial Summary Judgment (ECF 72) is DENIED AS MOOT.

---

[9]While some courts have employed Rule 12(f) to strike an affidavit or portions thereof, McLaughlin v. Copeland, 435 F. Supp. 513 (D.C. Md. 1977), there is no basis in the Federal Rules for doing so.  In fact, a decision in this district, affirmed by the Sixth Circuit Court of Appeals, refused to employ Rule 12(f) to strike an affidavit because "the rule relates only to pleadings and is inapplicable to other filings."  Dawson v. City of Kent, 682 F. Supp. 920 (N.D. Ohio 1988), aff'd, 865 F.2d 257 (6th Cir. 1988).

      (5)      On or before September 22, 2006, Lockheed shall file a memorandum of law in opposition to Goodyear's Motion for Partial Summary Judgment. Thereafter, Goodyear may file a timely reply.  No surreply shall be permitted.  This Court will reserve ruling on Goodyear's Motion for Partial Summary Judgment (ECF 67) until briefing on such motion is complete.

    IT IS SO ORDERED.


August 24, 2006                                         s/John R. Adams
                                                               John R. Adams
                                                               U.S. District Judge